UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SYLVIA DURHAM,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-416

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply (doc. 10), the administrative record (doc. 5), and the record as a whole.[2]

### I.

**A. Procedural History**

Plaintiff filed an application for DIB asserting disability as of January 1, 2009 as a result of a number of impairments including, among others, degenerative disc disease of the lumbar spine, diabetes mellitus, and morbid obesity. PageID 59, 254-55.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ James Knapp on March 10, 2014.  PageID 56.  The ALJ issued a written decision on April 29, 2014 finding Plaintiff not disabled.  PageID 71-72.  Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2015.

2. The claimant has not engaged in substantial gainful activity since January 1, 2009, the alleged onset date (20 CFR 404.1571, *et seq*).

3. The claimant has the following severe impairments: cardiomyopathy, mild degenerative disc disease of the lumbar spine, mild carpal tunnel syndrome, diabetes mellitus, and morbid obesity (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant lacks the residual functional capacity ["RFC"] to: (1) lift more than 5 pounds frequently or 10 pounds occasionally; (2) stand/walk more than 15 minutes at a time or for more than a combined total of four hours during an 8-hour workday; (3) crawl or climb; (4) perform greater than occasional crouching, stooping below waist level, or kneeling; and (5) tolerate concentrated exposure to temperature extremes, smoke, dust, odors, or poor ventilation.

6. The claimant is not capable of performing past relevant work as a forklift operator.

7. The claimant was born [in] 1968 and was 40 years old, which classifies her as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

> 10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2009, through the date of this decision (20 CFR 404.1520(g)).

PageID 59-71.

Thereafter, the Appeals Council denied review on August 29, 2014, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 44-46. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 60-65. Plaintiff, in her Statement of Errors, also summarizes the evidence of record. Doc. 7 at PageID 1763-69. The Commissioner, in response to Plaintiff's Statement of Errors, defers to the ALJ's recitation of the evidence, and presents no objection to Plaintiff's summary. Doc. 9 at PageID 1782. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ and Plaintiff.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole.

3

*Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

    2.      Does the claimant suffer from one or more severe impairments?

    3.      Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

    4.      Considering the claimant's RFC, can he or she perform his or her past relevant work?

    5.      Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ failed to properly: (1) weigh the opinion of her treating physician, Terez Metry, M.D.; (2) consider whether she met or medically equaled Listing § 4.02; and (3) assess her credibility. Doc. 7 at PageID 1761. Finding Plaintiff's first alleged error to be well taken, the undersigned does not address the merits of Plaintiff's remaining two contentions.[3]

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.*

---

[3] Nevertheless, on remand, the undersigned would direct that the ALJ assess (1) Plaintiff's credibility anew following a meaningful explanation of the weight accorded to the medical source opinions; and (2) determine whether or not Plaintiff meets or equals any Listing.

Treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2). A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* "The regulations provide progressively more rigorous tests for weighing opinions as the ties between

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Dr. Metry, Plaintiff's family physician, has treated Plaintiff since 1998. PageID 1687. Based on her examinations and observations of Plaintiff, Dr. Metry concluded in October 2013 that, because of her back impairments and weight, Plaintiff was limited to occasional lifting and carrying of five to ten pounds; lifting one to two pounds frequently; and is limited in her ability to stand, walk, balance, perform postural activities, climb, crouch, kneel, stoop, and crawl. PageID 1683-84. Further, because of her right shoulder and carpal tunnel impairments, Plaintiff is further limited in her ability to reach, handle, finger, feel, push, and pull. *Id*. Based on the foregoing limitations, Dr. Metry concluded that Plaintiff could not perform light or even sedentary exertional work and was therefore disabled.[5]

The ALJ found that Dr. Metry's opinion overstates the severity of Plaintiff's impairments "in light of the objective and clinical evidence" of record and accorded her opinion "no controlling or deferential weight." PageID 68-69. Specifically, the ALJ rejected Dr. Metry's

---

[5] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or. . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

opinion concerning Plaintiff's ability to sit, stand, and lift as inconsistent with MRI[6] and EMG studies of Plaintiff's lower back, as well as other "physical examinations noted in the record."[7] *Id*. Most notably, with regard to the purportedly inconsistent "physical examinations noted in the record,"[8] *id*., such criticism is not sufficiently specific to meet the requirements of the good reason rule, inasmuch as the ALJ fails to identify "the other physical examinations"[9] referenced or specifically address how such findings are inconsistent with Dr. Metry's opinion. *Accord Friend, supra* n.8, 375 F. App'x at 552.

With regard to the objective findings, the Court notes that an August 2010 EMG demonstrated possible S1 radiculopathy and early carpal tunnel in Plaintiff's left upper extremity (PageID 461); an April 2010 thoracic spine CT scan revealed multilevel mild degenerative disc disease (PageID 482); a 2011 lumbar CT scan showed a small posterior disc bulge at L4-5 that caused some right lateral recess narrowing and a tiny disc bulge at L5-S1 (PageID 535-36); and a January 2012 lumbar CT scan revealed mild discogenic changes at L4-5 and L5-S1 and

---

[6] The Court notes that, contrary to the ALJ's statements in this regard, the record does not include any MRI results.

[7] The ALJ further found that records of Plaintiff's orthopedic surgeon, Joseph Rubino, M.D., as well as a radiograph of Plaintiff's right shoulder, contradicted Dr. Metry's opinion concerning Plaintiff's ability to reach. *Id*. Finally, the ALJ found that Dr. Metry's opinion concerning Plaintiff's mental limitations was not supported by the minimal documentation of reports in the record, and was directly contradicted by the clinical observations of a psychological consultative examiner, Donald Kramer, Ph.D. *Id*. at 68. Finding error in the ALJ's assessment of limitations arising from Plaintiff's lower back impairment, the undersigned does not reach the ALJ's assessment regarding limitations arising from Plaintiff's shoulder, wrist, or mental health impairments. Nevertheless, the ALJ should reassess these limitations anew on remand.

[8] Moreover, even if the ALJ correctly determined that Dr. Metry's medical opinion was inconsistent with other substantial evidence in the record, such a determination "means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." *Blakley*, 581 F.3d at 408 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4). Even when inconsistent with other evidence, a treating source's medical opinion remains entitled to deference and must be weighed using the factors provided in 20 C.F.R. § 404.1527. *Id.* Put simply, it is not enough to dismiss a treating physician's opinion as "incompatible" with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that should not be afforded considerable weight. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).

[9] The record notes that Plaintiff was physically examined by more than five doctors. *See* PageID 462, 472, 475-79, 571, 576, 931, 1165, 1169.

otherwise unchanged results from her prior August 2011 CT (PageID 523, 534). In the absence of meaningful explanation, it is unclear from the ALJ's opinion how these objective findings are inconsistent with Dr. Metry's opinion. As a result, the ALJ's conclusions -- concerning the limitations arising from Plaintiff's low back impairment -- are unsupported by substantial evidence.

The ALJ's error in this regard is exacerbated by his analysis of the weight accorded the opinions of record reviewing physicians Leon Hughes, M.D. and Teresita Cruz, M.D., whose opinions the ALJ gave "significant adjudicative weight." PageID 67, 151-53, 165-56. Dr. Hughes offered his opinion in May 2011, whereas Dr. Cruz offered her opinion in November 2011. *Id*. These opinions predate Dr. Metry's October 2013 opinion. PageID 1682-86. Further, it appears that neither Dr. Hughes nor Dr. Cruz had an opportunity to review the August 2011 and January 2012 CT results of Plaintiff's lumbar spine. *See* PageID 158-62, 523, 534, 535-36.

Opinions of non-examining sources "can be substantial evidence '[i]n appropriate circumstances' to discount the opinion of examining and treating sources[.]" *Washington v. Comm'r of Soc. Sec.*, No. 3:15-CV-367, 2016 WL 6694199, at *5 (S.D. Ohio Nov. 15, 2016), *report and recommendation adopted sub nom. Washington v. Colvin*, No. 3:15-CV-367, 2016 WL 7494887 (S.D. Ohio Dec. 30, 2016) (citations omitted). However, a non-examining doctor must have had "access to the entire body of medical evidence." *Id*. (*Ward v. Astrue*, No. CIVA09-199GWU, 2010 WL 1038198, at *3 (E.D. Ky. Mar. 18, 2010) (stating that "[w]hile the opinion of a non-examining source may be entitled to greater weight than an examiner or even a treating source, the non-examiner must have had the benefit of a review of the entire record and clearly explain the reasons for his difference of opinion"). Accordingly, these opinions fail to provide substantial evidence upon which the ALJ could rely in determining Plaintiff's RFC.

Based on the foregoing, the undersigned concludes that the ALJ's non-disability finding is unsupported by substantial evidence and should be reversed.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). Here, evidence of disability is not overwhelming and therefore a remand for further proceedings -- as set forth *supra* -- is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:   February 10, 2017                                     s/ Michael J. Newman
                                                                                       Michael J. Newman
                                                                                       United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).